IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN DOTSON,** | ) | Civil Action No. 7:12-cv-00252 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **REECE H. ROBERTSON,** | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Kevin Dotson, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Reece H. Robertson, an Assistant Commonwealth Attorney, as the sole defendant. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

**I.**

Plaintiff states in the complaint:

> I am send all off my paper wor[]k to you all Clerk office. I am send your all paper. For my case. Hope that all these paper are all you need. Evaluation paper and repealed law. And awardin[g] of grant purposes: eligible applica[c]ants I see conflict[t] of int[e]rest. By the law firm Tiler and Tiler right of a client was violation. I ask to go in front of a different Judge. My lawyer so no and they are mental he[a]lth issue. I am on mental health me[dic]al. And the wit[]ness. They did not do creat of abelton. They put me in front of this judge. When he was the one that give my right back to me. When I was pr[o]ven to not have any right and much E[]d[u]cation much. Also the wit[]ness has pass[ed] away. I did not [k]no[w] what to do. That why I am ask you all to [ap]point me another lawyer and get me in front of another judge. Also the rap[e] charge was drop[ped]. But my name was all over the paper. Also my name was slander, to[o]. The judge['s] name is Mike Moore. My law[yer] is Dave Tiller in Lebanon, VA. [sic]

(Compl. 3.) Plaintiff requests as relief, "Hope for a reconsideration thro[ugh] the co[u]rt."

Virginia court records indicate that plaintiff was charged with rape by force, abduction by force, and aggravated malicious wounding. The rape charge was nolle prossed, and plaintiff was sentenced on May 22, 2012, to ten years' incarceration for the abduction by force and aggravated malicious wounding charges.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they

2

consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to allege any facts relevant to how defendant allegedly violated a civil right.

To the extent plaintiff asks the court to require a Virginia court to perform a specific act, the court lacks jurisdiction to grant mandamus relief against state officials. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). To the extent plaintiff requests speedier release from custody, his sole remedy in federal court is a properly filed habeas petition. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that a § 1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that a writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled

3

to a speedier release). Therefore, plaintiff may not seek an order from a § 1983 action that would release him from custody quicker than what an imposed sentence requires. Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the complaint is dismissed without prejudice.

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

           Entered: June 28, 2012

           /s/ Michael F. Urbanski

           Michael F. Urbanski
           United States District Judge